# THE PEOPLE *a.* THE NEW YORK GENERAL SESSIONS.

*Supreme Court, First District; General Term, Sept.,* 1862.

## COURTS OF SESSIONS.—POWER TO REMOVE BY CERTIORARI.

The provision of the act of 1859 (*Laws of* 1859, 794, ch. 339, § 2),—which declares that a writ of certiorari to remove into the Court of Sessions of the county a conviction had before any Court of Special Sessions or Police Court, may be allowed on the application of the party convicted, by any justice of the Supreme Court, or by any officer authorized to perform the duties of such justice in vacation,—does not apply to the Court of General Sessions of the Peace in the city and county of New York.

The Courts of Sessions in the counties other than that of New York, are new courts organized under the Constitution of 1846 ; while the Court of General Sessions of the Peace in the city and county of New York, is the old court of that name. General statutes referring merely to the Courts of Sessions in the several counties of the State, should be understood to intend the former, and not the courts specially provided for cities.*

Prohibition to the General Sessions.

---

* Overruling People *a.* Powell, 14 *Abbotts' Pr.,* 91.

BY THE COURT.*—INGRAHAM, P. J.—The question submitted to us on this appeal is whether the act of the Legislature relative to the Courts of Special Sessions and Courts of Sessions, &c., passed April 14, 1859, applies to the Court of General Sessions in the city of New York. That act provides for removal by certiorari of any conviction before the Special Sessions into the Court of Sessions for review, and under it a writ of certiorari was allowed to review a conviction of one Charles Wolsbeyen. It does not appear from the return that the prisoner was convicted of any offence, but it is stated that for the conviction aforesaid the prisoner was sentenced to the penitentiary. I suppose, however, that the offence was petit larceny.

Prior to the Constitution of 1847, and at the time of its adoption, these courts existed throughout the State, and were designated as Courts of General Sessions of the Peace (2 *Rev. Stat.*, 142), and provision is made for holding the same court in New York, by the same title. (*Ib.*, 503.)

Although this court in New York possessed larger powers than the other courts of the same name in other parts of the State, still general laws relating to the General Sessions were from time to time passed, applicable to all the courts, and affecting the court in New York with the courts in the other counties.

In the Constitution of 1847, the name of the criminal court in each county is changed to that of the Court of Sessions, and the presiding officer is the County Judge instead of the First Judge.

These changes led the Legislature immediately to pass the law which conferred upon the Courts of Sessions all the powers and the same jurisdiction as were before possessed and exercised by the General Sessions of the Peace, so far as consistent with the Constitution and laws; and the then existing laws were applied to the new Courts of Sessions so far as they could be, consistent with the Constitution.

By the Judiciary Act, September, 1847, ch. 280, §§ 40–42, Courts of Sessions were organized, and the indictments and proceedings pending in the General Sessions of the Peace were transferred to the Courts of Sessions, and afterwards, in the same act, these courts are referred to as courts organized under that act.

---

* Present, INGRAHAM, P. J., BARNARD and CLERKE, JJ.

It is also to be noted that no such transfer took place, and no such court was organized in the city of New York; throughout all the sections relating to the organization of these courts, the city and county of New York was excepted. That court was continued under the Constitution by the special provision which continued the other local courts in New York, and is there called the Sessions. But none of the courts mentioned in that section are referred to by the full title of the courts.

Since that period, whenever laws were passed relating to the criminal court in New York, the court was designated as the General Sessions of the Peace. (*Laws of* 1851, 822, ch. 441; 1855, 613, ch. 337; 1858, 556, ch. 330; 1860, 1012, ch. 508, § 17.)

These various provisions to which I have referred show, I think, conclusively, that the old Courts of General Sessions, except in the city of New York, were not continued after the Constitution of 1847, but that new courts were organized in all the other counties of the State under a different name, while the General Sessions in New York was continued with all its then powers and jurisdiction, and has been so recognized by the Legislature in all laws, passed since the adoption of the Constitution, relating to the said court.

The course of legislation on this subject also must be regarded as adopting this construction of the Constitution, that the Courts of Sessions therein named were new courts and not a continuation of the old courts. If this view be correct, the only question would be whether the term " Courts of Sessions," as used in the act of 1859, is to be construed as applying to all the courts in this State of that name, and also to the General Sessions of the Peace in the city of New York.

The words of the section (*Laws of* 1859, 795, ch. 339) are, " a writ of certiorari to remove into the Court of Sessions of the county a conviction had before any Court of Special Sessions or Police Court, may be allowed," &c.

The third section also speaks of the Court of Sessions of the several counties.

The peculiar phraseology of these sections seems intended to restrict the operations of the act to those courts which are held for the counties, in contradistinction to the courts specially provided for in the cities. This view is strengthened by the subsequent provisions of the third section, which require the pro-

ceedings on the certiorari to be filed in the office of the clerk of the county. If this section is applicable to the General Sessions of the Peace of the city of New York, it would place the return in an office entirely unconnected with the court. Besides this, the fact that the remedy by appeal, which has heretofore existed, is not repealed by any thing in this statute, or elsewhere, affords another reason why the Legislature did not intend to include the city of New York in this act. It cannot be contended that the Legislature intended to create two modes of reviewing the decisions of the special term—one by appeal and the other by certiorari—and yet such would be the case if this act is held to be operative on the New York courts. I think the more reasonable construction of the act is to confine its operation to the courts of the name stated in the statute, and not to extend it to other courts not specially named therein.

It has been suggested that the act of 1859, to empower Courts of Sessions to extend their terms, &c., has been always considered as applying to the Court of General Sessions. This may be, and yet we find that the Legislature, in 1862 (ch. 10), passed a special act to empower the Court of General Sessions of the Peace for the city and county of New York to extend the terms and to authorize adjournments.

If any statute can be said to be declaratory of the law, the passage of such an act can only be considered as declaring that the former act of 1859 did not apply to this court.

I do not think, therefore, that the statute under consideration applies to the Court of General Sessions of the Peace in the city and county of New York, and that the Court of General Sessions have no jurisdiction to review a judgment of Special Sessions under the powers conferred by the act of 1859, or Courts of Sessions of the counties.

The writ of prohibition is granted.